IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES GYPSUM COMPANY,

    Plaintiff,

v.

PACIFIC AWARD METALS INC.,

    Defendant.

No. C 04-04941 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR MARKMAN HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON NOVEMBER 2, 2005:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.

    As to the disputed term "protective coating," the Court **tentatively construes** that term to mean: "The material applied to the front paper layer to reinforce said front paper layer and to provide surface protection against abrasion."

    As to the disputed term "said protective coating penetrating some of the fibers of said front paper layer and having a thickness on the surface of said front paper layer of about 0.001 to 0.005 inches," the Court **tentatively construes** that term to mean: "The protective coating penetrates some of the fibers at the surface of the front paper layer and has a total thickness of about 0.001 to 0.005 inches, excluding penetration depth."

    The Court has the following questions for the parties:

1. Award argues that the Court should construe the phrase "said protective coating penetrating some of the fibers of said front paper layer and having a thickness on the surface of said front paper layer of about 0.001 to 0.005 inches," as two phrases.

   a. Is Award asking the Court to separately construe the terms "penetrating some of the fibers" and "on the surface".

   b. If the answer to question 1.a is yes, does USG object to construction of those two phrases? If so, on what basis?

2. Award asks the Court to construe the term "protective coating" to mean: "Material that is applied to the outer surface of the front paper layer and that guards against abrasion."

   a. At the tutorial, it appeared that Mr. Dunham agreed that a purpose of the protective coating was to "reinforce" the front paper layer. Does Award contend that the language "guards against abrasion" includes that concept?

   b. If the answer to question 2.a is yes, why should the Court not expressly include the concept of reinforcement in its construction of the term "protective coating", especially where the claim language speaks to the idea that the protective coating penetrates the fibers of the front paper layer?

3. Why does Award omit "the" from its proposed construction of the term "protective coating"?

**IT IS SO ORDERED.**

Dated: November 2, 2005

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE