IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES GYPSUM COMPANY, | |
|     Plaintiff, | No. C 04-04941 JSW |
|   v. | |
| PACIFIC AWARD METALS, INC., | **NOTICE OF QUESTIONS FOR HEARING** |
|     Defendant. | |
| _____/ | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 3, 2006, AT 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively overrules in part and sustains in part** the objections to the Klass Declaration.  The Court **tentatively denies** the motion to strike the Klass Declaration to the extent it is based on the issue of document production.

The Court reserves issuing a tentative ruling on Award's motion for summary judgment.

1.     a.     Does Award concede that its accused products (1) have a "protective coating" as the Court has construed that term, *i.e.* a "material applied to the front paper layer to reinforce said front paper layer and to provide surface protection against abrasion;" and (2) that the accused products' protective coating "penetrates some of the fibers at the surface of the front paper layer?"

      b.     Does USG contest Award's position that it, USG, is not maintaining a claim for literal infringement, given the Court's Claim Construction Order?

2.     How does USG distinguish *Mark I Marketing Corp. v. R.R. Donnelly & Sons Company*, 66 F.3d 285 (Fed. Cir. 1995), cited by Award in its reply brief?

3.     Is USG's position that "[n]ew matter CIP claims cannot be considered to be amendments for prosecution history estoppel purposes, when they are not considered to be part of the original invention for validity purposes," premised on the assumption that what USG contends is new matter was not "subject matter covered by the original" claim?

      a.     Does USG concede that Claim 1 as submitted in the Parent Application, eventually evolved into Claim 1 of the '198 Patent? If not, what is the basis for USG's position?

      b.     Does USG concede that the "protective coating" and the bands of protective coating are common subject matter to both the Parent Application and the CIP application that issued as the '198 Patent? If not, what is the basis for USG's position?

      c.     Does USG concede that the Parent Application references the "thickness" of various elements of the invention, including the bands of protective coating 16, 17, and that in the response to the rejection over Dunlap, Cooper and Miller, the inventors argued that something other than joint cement was required as the protective coating because it would not serve as a protective "layer" and made a similar argument regarding the need

        for a protective "layer" with respect to the rejection of claim 7? If so, it appears to the Court that the Parent Application discloses the "subject matter" of protective coating that provides a film or barrier over the outer surface of the paper layer. If USG does not concede these points, what is USG's best argument that the "thickness limitation" not an amendment to the "subject matter" disclosed in the parent application?

    d.    In the Parent Application, the inventors state in the "Detailed Description of the Invention" that the protective coating may comprise a "fine particle size, acrylic water-based emulsion" such as Synthemul, "diluted with 50% water." Would a person of ordinary skill in the art conclude that such a protective coating would create a film and/or barrier on the outer paper layer? If the answer to this question is yes, where in the record before the Court can the Court find support for that conclusion?

4.    For purposes of determining whether prosecution history estoppel applies in this case, should the Court evaluate any individual limitations present in the clause "said protective coating penetrating some of the fibers of said front paper layer and having a thickness on the front surface of said front paper layer of about 0.001 to 0.005 inches?" *See, e.g, Aclara Biosciences, Inc. v. Caliper Tech. Corp.*, 125 F. Supp. 2d 391, 400-403 (N.D. Cal. 2000) (noting that claim contained several components and evaluating each component as separate limitation to determine whether patentee barred from asserting infringement by way of equivalents because or prosecution history estoppel).

5.    What is USG's response to Award's argument that the only technological advance identified with respect to improved coatings was the addition of Teflon, and that given the length of time Teflon has been used in various industries, this does not demonstrate that thinner coatings were unforeseeable at the time the '198 Patent was drafted? (*See* Award Reply at 9.)

6.    Award cites excerpts of the Klass Deposition and states that Mr. Klass testified that a person of ordinary skill in the art in 1990-1991 would have known how to protect paper with a coating of less than 1 mil. Award should be prepared to explain this position at the hearing, because the Court does not read the Klass Deposition to be as definitive on this point as Award contends it is.

7. Are there any other issues the parties wish to address?

Dated: February 1, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE