IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES GYPSUM CO., | No. C 04 04941 JSW (MEJ) |
| Plaintiff, | |
| vs. | **ORDER RE: DEFENDANT'S SECOND AMENDED INITIAL DISCLOSURES** |
| PACIFIC AWARD METALS, INC., | |
| Defendant. / | |

## I.   INTRODUCTION

This case involves claims by plaintiff United States Gypsum Co. ("Plaintiff") for patent infringement, misappropriation of trade secrets, and two counts of inducement of breach of contract relating to its product, paper faced corner bead, which is used in the drywall construction industry to make smooth corners. On February 1, 2006, the parties filed a Joint Meet and Confer Letter regarding defendant Pacific Award Metals, Inc.'s ("Defendant") Second Amended Initial Disclosures, which identify 132 witnesses likely to have knowledge concerning Plaintiff's misappropriation of trade secrets claim. Doc #111.

## II.   BACKGROUND

On November 19, 2004, Plaintiff filed this lawsuit, asserting a single cause of action for patent infringement. Doc #1. On September 7, 2005, Plaintiff filed a First Amended Complaint,

1  adding three causes of action, including misappropriation of trade secrets. Doc #58. Plaintiff served
2  on Defendant a formal Disclosure of Trade Secrets on September 30, designated as "Attorney's Eyes
3  Only." Joint Letter at p.4. Defendant thereafter requested relief from this Court to allow two of its
4  employees, Wesley Dunham and Kathy Bunker, to have access to Plaintiff's trade secret disclosures.
5  Doc #72. The Court granted Defendant's request on December 1, 2005. Doc. #84. Upon receiving
6  Court permission, Defendant's counsel conferred with the accused employees and, on December 30,
7  served its Second Amended Initial Disclosures, identifying 132 potential witnesses likely to have
8  knowledge concerning Plaintiff's trade secrets claim. Joint Letter at 5. Arguing that identifying
9  such a large number of new potential witnesses so close to the end of discovery effectively set up an
10 ambush for trial, Plaintiff requested that Defendant withdraw its amended disclosures. *Id.* at 1.
11 Defendant refused to withdraw its disclosures, but offered instead to identify the most likely trial
12 witnesses from the list, and to stipulate to an extension of discovery to allow Plaintiff to conduct
13 depositions. *Id.* at 5. Unable to resolve their dispute, the parties filed the present meet and confer
14 letter.

### III.   DISCUSSION

16  In the joint letter, Plaintiff argues that there is no justification for Defendant's addition of 132
17 new witnesses at this late date given that it has known of Plaintiff's trade secret claim since it first
18 raised it as an affirmative defense to Defendant's counterclaims in January of 2005. Plaintiff further
19 argues that Defendant cannot excuse its late filing on the grounds that Plaintiff prevented
20 Defendant's counsel from discussing Plaintiff's trade secret count with his client because, although
21 Plaintiff designated the Disclosure of Trade Secrets "Attorney's Eyes Only," it never prohibited
22 Defendant's counsel from discussing with his clients the general topic of Plaintiff's claimed trade
23 secrets.

24  In response, Defendant argues that it disclosed the additional witnesses in a "timely fashion -
25 indeed rapidly under the extreme circumstance in which it was placed by [Plaintiff] by its months of
26 delay in making a disclosure, compounded by its designation of that late disclosure as Attorney's
27 Eyes Only, and steadfast refusal to permit [Defendant] to show the disclosure to the accused

2

witnesses." Defendant contends that it would have been impossible to identify any potential witnesses until it knew what trade secrets were being claimed by Plaintiff and was permitted to review these allegations with the involved individuals.

Federal Rule of Civil Procedure ("FRCP") 26(e) provides that a party who has made an initial disclosure under FRCP 26(a) is under a duty to supplement or correct the disclosure or response to include information thereafter acquired. Specifically, under FRCP 26(e)(1), a party is under a duty to supplement at appropriate intervals its disclosures if it learns that the information disclosed is incomplete or incorrect. Although further disclosures are only necessary when material information "has not otherwise been made known to the other parties during the discovery process or in writing," *Id.*, this is not an invitation to hold back material items and disclose them at the last moment. Wright, Miller, and Marcus, Fed. Prac. and Proc., Sec. 2049.1.

Here, Defendant did not receive detailed information pertaining to the trade secrets at issue until the end of September 2005. Because the trade secret disclosure was designated as "Attorney's Eyes Only," and Plaintiff would not permit Defendant's counsel to provide it to Mr. Dunham and Ms. Bunker, Defendant was forced to seek a court order permitting disclosure to the two employees. After receiving the Court's permission and discussing the alleged trade secrets with Mr. Dunham and Ms. Bunker, Defendant compiled a list of 132 witnesses who may have discoverable information. Defendant filed its Second Amended Initial Disclosures on December 30, 2005, approximately one month after gaining the Court's permission and approximately one month before the end of fact discovery in this case. Given this background, the Court finds that Defendant properly supplemented its initial disclosures under FRCP 26(e) and its supplemental witness list should not be stricken.

However, the Court does agree with Plaintiff that disclosing 132 potential witnesses one month prior to the discovery cut-off does place Defendant at an unfair advantage. So that the case may proceed on the merits, Defendant shall narrow its list and choose 10 out of the 132 witnesses listed as potential trial witnesses. If Plaintiff wishes to depose any of these ten witnesses, the parties shall meet and confer in good faith to determine a deposition schedule, and thereafter file a

3

stipulated request before Judge White to extend discovery for the limited purpose of deposing these additional witnesses. Defendant shall not be permitted to use at trial any of the 132 witnesses that are not included in its list of ten.

### IV. CONCLUSION

Based on the foregoing analysis, the Court hereby ORDERS as follows:

1) From the list of 132 witnesses, Defendant shall identify up to ten witnesses it may use at trial;

2) If Plaintiff wishes to depose any of the ten witnesses, the parties shall meet and confer to determine a deposition schedule; and

3) The parties shall file a stipulated request before Judge White to extend discovery for the limited purpose of deposing these additional witnesses.

**IT IS SO ORDERED.**

Dated: February 17, 2006

_____
MARIA-ELENA JAMES
United States Magistrate Judge