IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES GYPSUM COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC AWARD METALS, INC.,<br><br>    Defendant.<br>_____ / | No. C 04-04941 JSW<br><br>**ORDER RE MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO SUBMIT TESTIMONY AND FOR ORDER OF WAIVER OF PRIVILEGE** |

This matter comes before the Court upon consideration of Defendant Pacific Award Metals, Inc.'s ("Award") miscellaneous administrative request for leave to submit testimony and for order of waiver of privilege and Plaintiff United States Gypsum Company's ("USG") opposition thereto. This matter is ripe for decision and, pursuant to Northern District Civil Local Rule 7-11, the Court resolves the matter on the papers.

Local Rule 7-11 sets forth the type of matters that are considered proper subjects of a motion for administrative relief. Specifically, the rule provides:

> during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.

In its motion, Award asks for leave to submit privileged testimony in support of its opposition to USG"s motion for summary judgment. Award seeks to use the testimony in question to support its false marking claim and to show that, contrary to USG's assertions, it does have evidence that USG intended to deceive the public when it marked certain products as

covered by the '198 Patent, and argues that USG's statements that Award has "no evidence" in support this position waived any privilege related to the conversation. USG counters that its statements in its motion for summary judgment are insufficient to create a waiver of attorney client privilege.

The Court finds that this is not the type of request that should be made by way of a motion for administrative relief, and DENIES this aspect of the request on that basis. If the parties are able to resolve this matter in advance of the hearing on the motion for summary judgment, the Court will consider approving a stipulation setting forth the parties' agreement.

Award also asks for an order requiring *in camera* review of documents that it has requested from USG, but which USG contends are privileged. Award contends that the crime-fraud exception applies to these documents and that they should be produced to the Court. The Court construes this request as a discovery dispute. Accordingly, this aspect of Award's motion for administrative relief also is DENIED. However, the Court's ruling on this aspect of Award's motion is made without prejudice to raising the issue before Magistrate Judge James.

**IT IS SO ORDERED.**

Dated: May 18, 2006

　　　　　　　　　　　　　　　　　　　　　　／s／ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE