IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES GYPSUM COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br> PACIFIC AWARD METALS, INC.,<br><br>    Defendant.<br>_____/ | No. C 04-04941 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 2, 2006, AT 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively GRANTS** USG's motion for summary judgment and reserves issuing a tentative ruling on the motion to strike the Shores Declaration.

1.   a.    Award proffers testimony from Mr. Dunham that he told USG/BeadeX management that he viewed the products at issue to be outside the scope of the

'198 Patent. Absent a showing that they agreed with him, why is that fact sufficient to show the requisite intent to deceive?

    b. Award contends that Mr. Ritchie believed that the products did not fall within the scope of the '198 Patent. Does Award dispute Mr. Dunham's testimony that he believed Mr. Ritchie to be the person responsible for determining whether to mark? If not, and taking into account testimony proffered by Award with respect to Mr. Ritchie's interpretation of the '198 Patent claims, why would that fact that Mr. Ritchie continued to mark the paper-faced corner bead products with the '198 Patent not undercut Award's argument on intent to deceive, especially when Mr. Ritchie's current belief is apparently based on what Award told him? *See* Ritchie Depo. at 33:15-21.

    c. Is it USG's position that Mr. Dunham's declaration is a sham and should be disregarded because it contradicts his deposition testimony? *See, e.g., Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991).

2. The Court denied Award's request for an order of waiver and to submit testimony from Mr. Dunham. The Court does, however, have questions about the proposed testimony.

    a. Was Award going to proffer testimony from Mr. Dunham told Mr. Lorenzen that he believed USG's products were not covered by the '198 Patent? If so, why is that not adequately presented in the current record? (*See* Deposition of Wesley Dunham at 46:6-10.)

    b. Or, was Award going to proffer testimony that Mr. Lorenzen concurred with Mr. Dunham's views?

    c. Why is any testimony on this point not cumulative of what is in the current record?

3. What is Award's response to USG's contention that the Shores Declaration should not be considered because it contains opinions that should have been disclosed by February 24, 2006?

United States District Court
For the Northern District of California

4. Award contends that USG's position with respect to the scope of coverage of the '198 Patent was unreasonable after the Court issued its Claim Construction Order. The record suggests that USG continued to mark its products with the '198 Patent based on its view that the '198 Patent could be infringed by way of equivalence, even if such a product did not literally meet the thickness limitation, because the "protective coating" of an accused product functioned in substantially the same manner. What is the impact of the Court's construction of the term "protective coating" on Award's position? (*See* Claim Construction Order at 7-8 (construing "protective coating" to mean "[t]he material applied to the front paper layer to reinforce said front paper layer and to provide surface protection against abrasion")).

5. Are there any other issues the parties wish to address?

Dated: May 30, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE